IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARY F. CUMMINGS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 18-CV-231-RAW |
| ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW the Defendant, United States Postal Service, by and through Brian J. Kuester, United States Attorney for the Eastern District of Oklahoma, and Cheryl R. Triplett, Assistant United States Attorney, and files its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and states as follows:

### I.   STATEMENT OF THE CASE

Plaintiff has filed a convoluted, pro se Complaint, against the United States Postal Service (hereinafter "USPS") alleging various facts and causes of action set forth in 14 separate Counts. Defendant addresses the Counts below and requests the Court enter summary judgment in favor of Defendant as Plaintiff failed to exhaust administrative remedies, failed to state a cause of action, is untimely, failed to establish a *prima facie* case of discrimination and this court is without subject matter jurisdiction over Plaintiff's claims.

Each of Plaintiff's claims is without legal and factual support, there is no genuine dispute as to any material fact and the Defendant is entitled to judgment as a matter of law.

### II.  STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1. Plaintiff identifies herself as female, Cherokee Indian, and over the age of 50. (Complaint, (hereinafter "Dkt. 1")  General Factual Allegations, Pg. 4, ¶ 6)

2. Plaintiff was employed by the United States Postal Service.  Pg. 4, ¶ 1)

**Plaintiff's Claims of Wrongful Discharge, Breach of the Collective Bargaining Agreement and Breach of the Clerk Craft Questions & Answers (Counts 1, 2 & 3)**

3. Prior to working at the Vian Post Office, Plaintiff worked as a Postal Support Employee (PSE), Sales and Services/Distribution Associate (SSDA), at the Howe Post Office, which was a

temporary, non-career position. (Declaration of Anthony Coward, attached hereto as Ex. 1 ¶ 3, Att. 1, PS Form 50 dated 01-15-2016, Boxes #1, 33, 52, 79, 84)

4.  On May 14, 2016, Plaintiff was converted to a career position as a Part Time Flexible (PTF) SSDA at the Vian Post Office. (Ex. 1, ¶ 4 Att. 2, PS Form 50 dated 5-14-2016, Boxes #1, 33, 52, 55, 79, 84)

5.  Upon conversion, Plaintiff was considered a new, probationary employee at Vian. (Ex. 1, ¶ 5, Att. 2, Box #38)

6.  Plaintiff's 90-day probationary period would expire on August 11, 2016. (Ex. 1, ¶ 6, Att. 2, Box #38)

7.  Plaintiff was terminated during probation on July 25, 2016. (Ex. 1, ¶ 7, Att. 3, PS Form 50 dated 7-25-16, Boxes #1, 79)

8.  Article 12 of the Collective Bargaining Agreement (hereinafter "CBA") provides for a ninety (90) day probationary period for a new employee and states that the employer can separate any probationary employee and the employee does not have access to the grievance procedure in relation thereto. (Ex. 1, ¶ 8, Att. 4, Article 12, Section 1.A)

9.  By the terms of the CBA, Plaintiff was not permitted to file a grievance with the American Postal Workers Union (APWU, AFL-CIO) if terminated while on probation. (Ex. 1, ¶ 9, Att. 4, Article 12, Section 1.A)

10. The "Clerk Craft Questions and Answers Re: POStPlan, Filling Residual Vacancies, and Travel" Agreement (hereinafter "POStPlan Agreement") was entered into between the United States Postal Service and the American Postal Workers Union, AFL-CIO on July 29, 2016. (Ex. 1, ¶10, Att. 5, Pg. 4, POStPlan Agreement)

11. The POStPlan Agreement provided that when a Clerk Craft Postal Service employee had already served one full term as a PSE they would not be required by Article 12 of the CBA, after conversion to career, to serve a probationary period. (Ex. 1, ¶ 11, Att. 5, Pg. 4 ¶ 14)

12. The POStPlan Agreement was not applicable to Plaintiff as Plaintiff was terminated prior to the POStPlan Agreement's effective date of July 29, 2016. (Ex. 1, ¶ 12)

**Plaintiff's Claim of "Fraudulent Misrepresentation" (Count 4)**

13. Plaintiff alleges Postmaster, Carla Milosav, made false statements about Plaintiff's job performance in violation of the False Statements Accountability Act of 1996, 18 U.S.C. § 1001. (Dkt. 1, Count 4, Pg. 7)

**Plaintiff Filed To File Formal Claims of Race, Sex, Age, and Reprisal (Counts 5 & 6)**

14. Plaintiff initiated an *informal* administrative complaint of discrimination on August 15, 2016, alleging discrimination on the basis of race, sex, age discrimination and reprisal when she

2

was terminated from employment on July 25, 2016. (Declaration of Dwight Plybon attached hereto as Ex. 2, ¶ 5, Att. 1, Informal Complaint, Pgs. 1-8)

15. Plaintiff filed a second *informal* administrative complaint on October 1, 2017 alleging discrimination on the basis of race, sex, age and reprisal when she was not subsequently hired for three separate positions with the USPS. (Ex. 2, ¶ 8, Att. 3, Informal Complaint Pgs. 1-6 and Att. 4, Notice of Right to File, Pg. 1, ¶1)

16. Following both *informal* administrative complaints, Plaintiff received a "Notice of Right to File" which advised she had 15 days to file a *formal* complaint. (Ex. 2, ¶ 6, Att. 2, Notice of Right to File, Pg. 1, ¶ 3 and Ex. 2, ¶ 9, Att. 4, Pg. 11 and Pg. 1, ¶ 4)

17. Plaintiff did not file a *formal* complaint in either of her administrative cases. (Ex. 2, ¶ 7, 10)

**Plaintiff's Age Discrimination Claim**

18. Enclosed in both of the Notices of Right to File, Plaintiff was provided Postal Service ("PS") Form 2563-B stating for age discrimination, she could file a civil action in the appropriate U.S. District court by first filing a Notice of Intent to sue with the EEOC. (Ex. 2, ¶ 11, Att. 2, Pg. 6, ¶ 2 and Att. 4, Pg. 7, ¶ 2)

19. All notices received by the EEOC are sent to Compliance and Appeals. (Ex. 2, ¶ 12)

20. Compliance and Appeals did not receive a Notice of Intent to sue with regards to Plaintiff. (Ex. 2, ¶ 12)

21. The Office of Federal Operations/EEOC has no record of Plaintiff having filed a Notice of Intent to sue for age discrimination. (Declaration of Lori Grant, attached hereto as Ex. 3, ¶ 3)

**Milosav's Supervision of Plaintiff**

22. Carla Milosav began supervising Plaintiff as her first line supervisor at the Vian Post Office beginning June 2, 2016. (Declaration of Carla Milosav, attached hereto as Ex. 4, ¶ 4)

23. Milosav reviewed with Plaintiff the individual factors on which Plaintiff would be evaluated and which were identified on PS Form 1750. (Ex. 4, ¶ 5, Att. 1, Factors A-F)

24. From the beginning of Milosav's supervision, Plaintiff was argumentative and difficult. (Ex. 4, ¶ 6)

25. Plaintiff was slow and inefficient. (Ex. 4, ¶ 7)

26. Through notes, Milosav began documenting the challenges she was having with Plaintiff. (Ex. 4, ¶ 8, 9, Att. 2, Milosav's notes, Pgs. 1-8)

27. Milosav conducted a 30-day evaluation with Plaintiff rating her as "Unsatisfactory" in all categories. (Ex. 4, ¶ 10, Att. 1)

28. Milosav conducted a 60-day evaluation with Plaintiff again rating her as "Unsatisfactory" in all categories. (Ex. 4, ¶ 11, Att. 1)

29. Because of the continued problems and no sign of improvement, Milosav terminated Plaintiff.  (Ex. 4, ¶ 12)

30. Milosav's decision to terminate Plaintiff was based solely upon her poor work performance and was not based upon age. (Ex. 4, ¶ 13)

31. Milosav was then 48 years old. Milosav did not know Plaintiff' age. (Ex. 4, ¶ 14)

**Plaintiff's Non-Selection in Whitesboro**

32. On or about January 2017, the Postal Service had an open position for a PSE SSDA in **Whitesboro**, Oklahoma. (Declaration of Jeff Westlake, attached hereto as Ex. 5, ¶ 5, Att. 1, Interactive Pre-Hire List)

33. Third party venders compile the Interactive Pre-Hire List that provides the names and scores of eligible candidates. (Ex. 5, ¶ 4, 6, Att.1)

34. A selecting official cannot alter the List and has to make their decision based upon the pre-established scores provided to them and any interviews they conduct. (Ex. 5, ¶ 4)

35. Pursuant to the Postal Service's Rule of 3, although Plaintiff was on the List for the opening at Whitesboro, she could not be selected because three other candidates had higher scores. (Ex. 5, ¶ 6, 7, Att. 1, Att. 2, U.S. Postal Handbook, EL-312, Sections 623, 624, 625)

36. The candidate with the highest score of 87.0 and who had veteran preference was selected for the position in Whitesboro**.**  (Ex. 5, ¶ 8, Att. 1)

37.  Plaintiff's age was not a factor in her non-selection. (Ex. 5, ¶ 9)

**Plaintiff's Non-Selection in Howe**

38. On or about August 2017, the Postal Service had an open position for a PSE SSDA in, **Howe**, Oklahoma.  (Ex. 5, ¶ 10, Att. 3, Interactive Pre-Hire List)

39. Five candidates were on the Interactive Pre-Hire List including Plaintiff. (Ex. 5, ¶ 11, Att. 3)

40. Pursuant to the Postal Service's Rule of 3, Plaintiff could not be selected because three other candidates on the list had higher scores. (Ex. 5, ¶ 12, Att. 2,3)

4

41. The candidate with the second highest score of 86.60, and who was "strongly recommended" by the selecting official was hired for the position in Howe. (Ex. 5, ¶ 13, Att. 3)

42. Plaintiff's age was not a basis for her non-selection. (Ex. 5, ¶ 14)

**Plaintiff's Non-Selection in Muse**

43. Postmaster, Pamela Freeman, received an Interactive Pre-Hire List listing five candidates with their respective scores for the position of PSE SSDA in **Muse**, Oklahoma. (Declaration of Pamela Freeman, attached hereto as Ex. 6, ¶ 2,3,4,5, Att. 1, Interactive Pre-Hire List )

44. Freeman interviewed four out of the five candidates including Plaintiff who had a score of 82.30. (Ex. 6, ¶ 6, Att. 1)

45. Plaintiff did not interview well. (Ex. 6, ¶ 7)

46. Another candidate with a score of 82.10, slightly below Plaintiff, interviewed well. (Ex. 6, ¶ 8, Att. 1)

47. Freeman strongly recommended this other candidate and she was selected for the position in Muse. (Ex. 6, ¶ 8, Att. 1)

48. Plaintiff's non-selection was not based upon age. (Ex. 6, ¶ 9)

**Plaintiff's Claim for Violations of Civil Rights of the United States Constitution. (Count 7)**

49. Count 7 alleges violations of civil rights pursuant to the First, Fifth and Fourteenth Amendments of the United States Constitution. (Dkt. 1, Pg. 10-11)

**Plaintiff's Claim for "Federal Employment/Hiring Scandal", Count 8 and "Abuse of Discretion," Count 13**

50. Plaintiff alleges "Federal Employment/Hiring Scandal," in Count 8 and "Abuse of Discretion," in Count 13. (Dkt. 1, Count 8, Pgs. 2 and 11-15; Count 13, Pgs. 2 and 25)

**Plaintiff's Claim for "Harassment/Hostile Work Environment" (Count 9)**

51. Plaintiff did not state a claim for harassment/hostile work environment in either of her informal complaints. (Ex. 2, Att. 1, Informal Complaint Pgs. 1-8, Att. 3, Informal Complaint Pgs. 1-6)

**Plaintiff's Claim for "Prohibited Personnel Practices-Unlawful Employment Practices-Conspiracy-Failure to Rehire/Refuse to Hire," Count 10, and "Harmful Procedural Error," Count 11**

52. On December 23, 2016, Plaintiff filed an appeal to the Merit System Protection Board (hereinafter "MSPB") (Declaration of Xinyu Yang, attached hereto as Ex. 7, ¶ 2, Att. 1, MSPB Appeal Form, Pgs. 1-5)

53. The MSPB dismissed Plaintiff's appeal on Feb. 9, 2017 stating the Board was without jurisdiction. (Ex. 7, ¶ 3, Att. 2, MSPB's Decision)

54.        The Board's decision advised Plaintiff she could request review of the final decision to the United States Court of Appeals for the Federal Circuit, Washington, DC.  (Ex. 7, ¶ 4, Att. 2, Pg. 10)

**Plaintiff's Claim of "Property Interest" (Count 12)**

55. Plaintiff states in paragraph 174 of Count 12 that she feels "she has a property interest in her job due to the CBA." (Dkt. 1, Pg. 24)

**Plaintiff's Claim of "Fraudulent Concealment" (Count 14)**

56. Plaintiff alleges "Fraudulent Concealment" in Count 14 of her Complaint.  (Dkt. 1, Pg. 2 and Pgs. 25-26)

### III.   LEGAL STANDARDS

**A.  Standard for Summary Judgment under Rule 56**

Under Federal Rule of Civil Procedure 56 the defendant has the initial responsibility to show that "there is an absence of evidence to support the non-moving party's case." *Celotex Corporation v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed. 2d 265 (1986). When this burden is met the burden shifts to the plaintiff to make a showing sufficient to establish that there is a genuine issue of material fact regarding the "existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" *Id*. at 322, 106 S.Ct. at 2552.  The plaintiff must go beyond the pleadings and establish through admissible evidence that there is a genuine issue of material fact that must be resolved by the trier of fact. *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553.  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986).

**B.  Plaintiff Must Exhaust Administrative Remedies**

It is well-settled law that a Plaintiff must timely pursue his administrative remedies before filing a civil action under Title VII.  *Brown v. General Services Admin.*, 425 U.S. 820, 832 (1976);

*Johnson v. United States Postal Service*, 861 F.2d 1475, 1477-1478 (10th Cir. 1988), cert denied, 110 S. Ct. 54 (1989). Exhaustion of administrative remedies is a jurisdictional prerequisite for a federal employee to bring a Title VII action in federal court. *Jones v. Runyon*, 91 F.3d 1398, 1399 & n.1 (10th Cir. 1996).

Under 29 C.F.R. §1614.106, a written complaint must be filed with the agency that allegedly discriminated against the complainant within 15 calendar days of receipt of the notice of final interview to allow the Postal Service to process the complaint under EEOC regulations. *Castorena v. Runyon*, 1994 U.S. Dist. LEXIS 5380 (D.Kan. 1994); *Johnson v. Orr*, 747 F.2d 1352, 1357 (10th Cir. 1984).

The procedural requirements for gaining access to the federal courts are strictly construed, and "are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152, 104 S. Ct. 1723, 26 (1984); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 94, 111 S. Ct. 453, 456 (1990); *Hagan v. Caldera*, CIV.A. 97-2367, 1999 WL 280444 (D. La. May 4, 1999) (EEOC, Office of Federal Operations, Jan. 7, 1999).

### C. Standards Governing Discrimination Under Title VII and the ADEA

In the absence of direct evidence, claims of discrimination are subject to the burden shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802- 04 (1973). *Pastran v. K-Mart Corp.*, 210 F.3d 1201 (10th Cir. 2000) (retaliation claims are subject to the burden shifting analysis under *McDonnell Douglas*). Under *McDonnell Douglas*, the establishment of a *prima facie* case of discrimination creates a presumption that the employer unlawfully discriminated or retaliated against the employee. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). This presumption places upon the defendant the burden of producing an explanation to rebut the *prima facie* case. *Id*. at 506 -507. This burden is one of production, not persuasion. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000). To meet its burden, the defendant need only articulate a facially nondiscriminatory reason. The defendant is not obligated to litigate the merits of its reasoning, nor does it need to prove that the reasons relied upon were bona fide. *E.E.O.C. v. Flasher Co., Inc.*, 986 F.2d 1312, 1316 (10th Cir. 1992); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1491 (10th Cir. 1995), *cert. denied,* 516 U.S. 1160 (1996).

Once the defendant has met its burden, the presumption of unlawful discrimination drops from the case. *St. Mary's Honor Ctr.*, 509 U.S. at 506. Plaintiff then bears the ultimate burden of

persuading the trier of fact that the defendant unlawfully discriminated or retaliated against him. That burden is discharged either directly by proving that the defendant acted with discriminatory motive, or indirectly by showing that the stated reason for its action was a pretext for discrimination, i.e., the facially nondiscriminatory reason was a cover-up for a decision motivated by unlawful discrimination. *Flasher*, 986 F.2d at 1316. "Pretext can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could rationally find them unworthy of credence and thence infer that the employer did not act for the asserted nondiscriminatory reasons." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997), *citing Olson v. Gen. Elec. Astrospace*, 101 F.3d 947, 951-52 (3d Cir 1996). The same burden shifting scheme applies in cases under the ADEA. *Adamson v. Multi Cmty. Diversified Servs.,* 514 F.3d 1136, 1146 (10th Cir. 2008).

## IV.  ARGUMENT

1. **No Subject Matter Jurisdiction Exists for Plaintiff's Claims of Wrongful Discharge, Breach of the CBA and Breach of the POStPlan Agreement (Counts 1, 2 and 3)**

    A. **Plaintiff was on Probation at the Time of Termination and was not Eligible to File a Grievance Pursuant to the CBA**

 Plaintiff was converted from a PSE SSDA non-career position employee at Howe to a PTF SSDA career position employee at Vian, making her a new, probationary employee at Vian. (Statement of Fact's, hereinafter "SOF" 3, 4, 5) Plaintiff's 90-day probationary period would expire on August 11, 2016.  (SOF 6) While on probation, Plaintiff was terminated on July 25, 2016.  (SOF 7)

Article 12 of the CBA provides for a ninety (90) day probationary period and states that the employer can separate any probationary employee and the employee does not have access to the grievance procedure in relation thereto. (SOF 8)  By the very terms of the CBA, Plaintiff did not have access to file a grievance with the APWU, AFL-CIO as she was on probation at the time of termination. (SOF's 7, 8)  As Plaintiff had no cause of action under the CBA, there is no claim over which this Court has subject matter jurisdiction and Plaintiff's claim for breach of the CBA should be dismissed.

### B. Any Potential Hybrid Claim Under the CBA is Time-Barred

Under 39 U.S.C. § 1208 (b) of the Postal Reorganization Act (hereinafter "PRA"), federal courts *can* have jurisdiction of disputes arising under collective bargaining agreements executed by the Postal Service. Such a claim is in substance a "hybrid action" under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. *See Gibson v. U.S. Postal Service*, 380 F. 3d 886, 888 (5th Cir. 2004). Assuming, *arguendo*, that the Court finds Plaintiff has standing to bring a breach of contract claim under the CBA for termination, her claim still fails because Plaintiff has failed to assert her claim within the applicable six-month statute of limitations. *See Thomas*, 39 F.3d at 621; 29 U.S.C. Sec. 160(b) providing that the applicable statute of limitations for hybrid section 301 claims is six months.

Plaintiff was terminated on July 25, 2016. (SOF 7) The Plaintiff did not file suit in Federal District Court until July 24, 2018, (Dkt. 1) well past a 6-month time period. This Court does not have subject matter jurisdiction over any breach of hybrid contract claims and they must be dismissed.

### C. The POStPlan Agreement Does Not Apply

Plaintiff asserts her termination violated the POStPlan Agreement. (Count 3) The POStPlan Agreement was entered into between the United States Postal Service and the American Postal Workers Union, AFL-CIO on July 29, 2016. (SOF 10) It provides that when a Clerk Craft Postal Service employee had already served one full term as a PSE they would not be required by Article 12, Section 1 of the CBA, after conversion to career, to serve a probationary period. (SOF 11) Although Plaintiff was a career employee at Vian and even if she had served one full term as a PSE at the time of her termination, the POStPlan Agreement was not applicable as Plaintiff was terminated on July 25, 2016 which was prior to the POStPlan Agreement's effective date of July 29, 2016. (SOF's 4, 7, 10, 12)

In summary, Plaintiff was on probation when she was terminated and was not eligible to file a grievance under the terms of the CBA. Further, having not yet become effective, the POStPlan Agreement was not applicable so Plaintiff was still considered to be on probation at the time of her termination. Even if eligible, Plaintiff failed to timely file any potential hybrid suit in federal district court. Accordingly, this court is without subject matter jurisdiction and any claims for wrongful discharge, breach of the CBA and or breach of the POStPlan Agreement should be dismissed.

2. **Plaintiff's Assertion of "Fraudulent Misrepresentation" Fails to State a Cause of Action (Count 4)**

Plaintiff claims Postmaster, Carla Milosav, made false statements about Plaintiff's job performance in violation of the False Statements Accountability Act of 1996, 18 U.S.C. § 1001. (Dkt. 1, Count 4, Pg. 7)  The False Statements Accountability Act is a statute criminalizing false statements to the government and does not create a private right of action. *Lee v. United States Agency for Int'l Dev.*, 859 F.3d 74 (D.C. Cir. 2017) Count 4 should be dismissed as Plaintiff has failed to state a claim upon which relief can be granted.

3. **Plaintiff's Title VII and Employment Discrimination Claims Should be Dismissed for Failure to Exhaust (Counts 5 And 6)**

   A. **Plaintiff's Claims of Race, Sex, Age and Reprisal Fail as Plaintiff Did Not Exhaust Administrative Remedies**

Plaintiff filed an **informal** complaint on August 15, 2016 alleging race, sex, age discrimination and reprisal when she was terminated from employment on July 25, 2016. (SOF 14).  Plaintiff filed a second **informal** complaint on October 1, 2017 on the same grounds when she was not hired for three separate positions. (SOF 15) Plaintiff received a "Notice of Right to File" in both cases advising she had 15 days to timely file a **formal** complaint. (SOF 16)  Plaintiff did not file a formal complaint in either case. (SOF 17)

As Plaintiff failed to exhaust her administrative remedies, her alleged cause of action for discrimination based upon race, sex, age and reprisal must be dismissed for lack of subject matter jurisdiction.

   B. **Plaintiff's Claim for Age Discrimination Fails as Plaintiff Did Not File a Notice of Intent to Sue**

Enclosed in both of the Notices of Right to File, Plaintiff was provided PS Form 2563-B stating that for age discrimination, she could file a civil action in U.S. District court by filing a Notice of Intent to sue with the EEOC.  (SOF18)  Compliance and Appeals is notified when the EEOC receives a Notice of Intent to sue for age discrimination. (SOF19) Compliance and Appeals received no such Notice of Intent with regards to Plaintiff.  (SOF 20)  The Office of Federal Operations/EEOC has no record of Plaintiff having filed a Notice of Intent to sue for age discrimination. (SOF 21) As Plaintiff failed to file a Notice of Intent to sue in both

administrative claims, Plaintiff's claims for age discrimination for termination and failure to rehire should be dismissed for failure to exhaust.

### C. Plaintiff's Claim for Age Discrimination Fails as Plaintiff Cannot Establish a Prima Facie Case nor Show Pretext

Plaintiff asserts she properly filed Notices of Intent to sue for age discrimination with the EEOC. Assuming *arguendo* Plaintiff is able to demonstrate some fact to support this assertion, in order to prove age discrimination, in the absence of direct evidence, plaintiff must first establish a *prima facie* case.

A prima facie case of age discrimination is established by proving that (1) plaintiff was in a protected age group of people more than 40 years of age; (2) that plaintiff suffered an adverse employment action; (3) that plaintiff was qualified for the position at issue; and (4) plaintiff was treated less favorably than others not in the protected class. *Sanchez v. Denver Public Schools*, 164 F.3d 527, 531 (10th Cir. 1998), and cases cited therein. All four elements must be met in order to establish a *prima facie* case of age discrimination.

#### i. Plaintiff's Age Discrimination Claim for Termination Fails

Carla Milosav began supervising Plaintiff at the Vian Post Office beginning June 2, 2016. (SOF 22) Milosav reviewed with Plaintiff the individual factors on the Postal Service's (PS) Form 1750, on which Plaintiff would be evaluated. (SOF 23) From the beginning, Plaintiff was argumentative, difficult, slow and inefficient. (SOF's 24, 25) Through notes, Milosav began documenting the challenges she was having with Plaintiff. (SOF 26) Milosav conducted both a 30-day and 60-day evaluation with Plaintiff rating her as "Unsatisfactory" in all categories on both evaluations. (SOF's 27, 28) Because of the continued problems and no sign of improvement, Milosav terminated Plaintiff. (SOF 29)

Plaintiff cannot demonstrate evidence to establish the fourth element of the *prima facie* case - that she was treated less favorably than others not in the protected class. Even assuming *arguendo* that Plaintiff can make a *prima facie* case for termination, Plaintiff cannot demonstrate that the Defendant's stated reasons for termination were pretextual. Defendant has stated legitimate, non-discriminatory reasons for terminating Plaintiff. Milosav testified that her decision to terminate Plaintiff was based solely upon her poor work performance, as documented in her notes, and was not based upon Plaintiff's age. (SOF's 24-30) Milosav was then 48 years old and

11

did not know Plaintiff's age at time of termination. (SOF 31)  As Plaintiff cannot meet her *prima facie* case nor show pretext, Defendant's Motion for Summary Judgment should be granted.

### ii. Plaintiff's Age Discrimination Claims for Non-Selection in Whitesboro, Howe and Muse Fail

On or about January 2017, the Postal Service had an open position for a PSE SSDA in **Whitesboro**, Oklahoma.  (SOF 32) Third party venders compile the Interactive Pre-Hire List that provides the names and scores of eligible candidates. (SOF 33)  A selecting official cannot alter the List and has to make their decision based upon the pre-established scores provided to them and any interviews they conduct. (SOF 34) Pursuant to the Postal Service's Rule of 3, although Plaintiff was on the List, she could not be selected because three other candidates had higher scores. (SOF 35) The candidate with the highest score of 87.0 and who had veteran preference was selected for the position.  (SOF 36) Plaintiff's age was not a factor in her non-selection.  (SOF 37)

On or about August 2017, the Postal Service had an open position for a PSE SSDA in **Howe**. (SOF 38) Five candidates were on the Interactive Pre-Hire List including Plaintiff. (SOF 39)  Pursuant to the Postal Service's Rule of 3, Plaintiff could not be selected from the list because three other candidates had higher scores.  (SOF 40) The candidate with the second highest score of 86.60, and was "strongly recommended" by the selecting official was hired for the position. (SOF 41) Plaintiff's age was not a basis for her non-selection.  (SOF 42)

On or about September 2017, Postmaster, Pamela Freeman, received an Interactive Pre-Hire List which scored five candidates for the position of PSE SSDA in **Muse**.  (SOF 43) Freeman interviewed four out of the five candidates including Plaintiff who had a score of 82.30. (SOF 44) Freeman felt Plaintiff did not interview well.  (SOF 45) Another candidate with a score of 82.10, slightly below Plaintiff, interviewed well. (SOF 46) Freeman strongly recommended this candidate and she was placed into the position. (SOF 47) Freeman testified that Plaintiff's non-selection was not based upon age. (SOF 48)

Plaintiff cannot meet a *prima facie* case for age discrimination when she wasn't selected for the Whitesboro, Howe and/or Muse positions.  Assuming *arguendo* that she can, the Defendant has articulated legitimate nondiscriminatory reasons for not selecting Plaintiff. In two out of the three positions, Plaintiff simply was not eligible to be selected pursuant to the Rule of Three.  In respect to the non-selection in Muse, the selecting official simply chose another qualified candidate who, unlike Plaintiff, interviewed well. Plaintiff cannot demonstrate that defendant's stated

reasons for non-selection were based upon age discrimination or are pretextual. As Plaintiff cannot meet her *prima facie* case nor show pretext, Defendant's Motion for Summary Judgment must be granted.

### 4. Plaintiff's Claim For Violation of Civil Rights Fails to State A Cause of Action and Should Be Dismissed   (Count 7)

Count 7 of Plaintiff's Complaint alleges violations of civil rights pursuant to the First, Fifth and Fourteenth Amendments of the United States Constitution. (SOF 49)  In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403, U.S. 388 (1971), the Supreme Court authorized plaintiffs to bring claims for money damages against individual federal officials based on constitutional violations where no federal statute authorized such a suit. Plaintiff's present suit is against the United States Postal Service, not individual federal officials. Moreover, in *F.D.I.C. v. Meyer,* 510 U.S. 471 (1994), the Supreme Court found that a constitutional claim for damages against a federal agency (such as the Postal Service) is not a cognizable cause of action and is barred. Plaintiff has no cause of action for alleged civil right violations against the Postal Service and any such claims must be dismissed for failure to state a claim.

Additionally, the Fourteenth Amendment is applicable only to actions by State and local entities, not by Federal entities such as the Postal Service. *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000). Any claims by the Plaintiff pursuant to the 14th Amendment against the Postal Service must be dismissed for failure to state a claim.

### 5. Plaintiff's Claim for "Federal Employment/Hiring Scandal," Count 8, and "Abuse of Discretion," Count 13, Fail to State a Cause of Action and Should be Dismissed

Plaintiff alleges "Federal Employment/Hiring Scandal," in Count 8 and "Abuse of Discretion," in Count 13. (SOF 50)  Plaintiff's several paragraphs listed under Counts 8 and 13 are conclusory, nonsensical and convoluted. In general, they appear to discuss alleged violations of postal regulations, abuse of managerial discretion and Plaintiff having to deal with the Postmaster in Vian. Plaintiff does not establish jurisdiction for such claims. If the allegations under Counts 8 and 13 pertain to Plaintiff's claims of Title VII, the ADEA and CBA violations, they fail for the reasons set forth previously in this Motion. Mainly, the Plaintiff failed to exhaust her administrative remedies, failed to make a *prima facie* case of age discrimination, failed to timely pursue potential remedies, and as a probationary employee, had no cause of action under the CBA for termination. Counts 8 and 13 should be dismissed for lack of subject matter jurisdiction.

6. **Plaintiff's Claim of "Harassment/Hostile Work Environment" was not Administratively Exhausted and Should be Dismissed (Count 9)**

Plaintiff filed two informal complaints. In both complaints, she alleged the same purviews – namely, race, age, sex and retaliation; she did not claim harassment/hostile work environment. (SOF 51) As Plaintiff made no administrative claim for harassment/hostile work environment, she is not entitled to raise it for the first time in this Court. Even assuming, *arguendo*, that Plaintiff did make such a claim in either of her *informal* complaints, as stated previously, Plaintiff did not file a *formal* Complaint, thereby failing to exhaust administrative remedies. (SOF 17 and Section IV 3. A. above) Any alleged claim for harassment/hostile work environment should be dismissed for lack of subject matter jurisdiction.

7. **No Subject Matter Jurisdiction Exists for "Prohibited Personnel Practices – Unlawful Employment Practices- Conspiracy-Failure to Rehire/Refuse to Hire," Count 10, and "Harmful Procedural Error," Count 11.**

Counts 10 and 11 are rambling, incoherent and conclusory. The United States District Courts are courts of limited jurisdiction. *Basso v. Utah Power and Light Co.,* 495 F. 2d 906, 909 (10th Cir. 1974). A party invoking jurisdiction has the duty to establish the existence of jurisdiction and bears the burden of proof. *Id.* Plaintiff has not established jurisdiction for claims under Counts 10 and 11 and they should be dismissed.

Some paragraphs seem to revolve around Title VII and alleged CBA violations. It has been demonstrated previously why Plaintiff does not have a cause of action for alleged Title VII and CBA violations. Counts 10 and 11 should be dismissed.

Plaintiff refers to 18 U.S.C. § 371 in paragraph 132 of Count 10. This is a criminal conspiracy statute that conveys no private right of action. *See Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 22 (D.D.C. 2003) Plaintiff fails to state a claim upon which relief can be granted.

In paragraph 163 of Count 11, the Plaintiff states that her separation from employment with the Postal Service was in violation of the "Merit system principles." On December 23, 2016, Plaintiff filed an appeal to the Merit System Protection Board (hereinafter "MSPB") (SOF 52) The MSPB dismissed Plaintiff's appeal on Feb. 9, 2017 stating the Board was without jurisdiction. (SOF 53) The Board's decision advised Plaintiff that she could request review of the final decision to the United States Court of Appeals for the Federal Circuit, Washington, DC. (SOF 54) Thus, Plaintiff was advised that her appeal rights were to another forum, not this Court. Any causes of

action involving the MSPB under Counts 10 and 11 should be dismissed for lack of subject matter jurisdiction.

### 8. No Subject Matter Jurisdiction Exists for Plaintiff's Claim of "Property Interest" (Count 12)

Plaintiff states in paragraph 174 of Count 12 that she "feels she has a property interest in her job due to the CBA." (SOF 55)  The United States district courts are courts of limited jurisdiction. *Basso v. Utah Power and Light Co.,* 495 F. 2d 906, 909 (10th Cir. 1974).  Plaintiff has not established jurisdiction for a "property interest" claim and count 12 should be dismissed for lack of subject matter jurisdiction and failure to state a claim.

### 9. Plaintiff's Claim of "Fraudulent Concealment" Fails to State a Cause of Action and Should be Dismissed (Count 14)

Plaintiff alleges "Fraudulent Concealment" in Count 14 of her Complaint.  (SOF 56) Fraudulent concealment is not actionable against the Defendant.  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C.*, 510 U.S. at 475 (1994). The FTCA contains a waiver of this immunity to allow suit against the United States for certain negligence claims.  28 U.S.C. §§ 1346 (b) (1), 2671-80.

Plaintiff's Claims under Count 14 are for intentional acts, not negligence, and sovereign immunity applies.  Additionally, under the FTCA, Plaintiff can only sue the United States, not the Postal Service as the Plaintiff has done herein.   Any claims for fraudulent concealment or under the FTCA should be dismissed for failure to state a cause of action.

### CONCLUSION

WHEREFORE, premises considered, the United States Postal Service respectfully prays this Court grant the Defendant's Motion for Summary Judgment in respect to all 14 Counts of the Plaintiff's Complaint.

BRIAN J. KUESTER
United States Attorney

*s/ Cheryl R. Triplett*
Cheryl R. Triplett, OBA #15282
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5111 – telephone
(918) 684-5130 – fax
Cheryl.Triplett@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on June 12, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF System and sent via email to Mary Cummings at cumtommary12@yahoo.com and mailed via first class mail to Mary F. Cummings, 32112 Ruby Road, P.O. Box 11, Fanshawe, OK  74935.

                                        *s/ Cheryl R. Triplett*
                                        Cheryl R. Triplett
                                        Assistant U.S. Attorney