IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

MARY F. CUMMINGS,                          )
                                           )
              Plaintiff,                   )
                                           )
v.                                         )          Case No. CIV-18-231-RAW
                                           )
UNITED STATES POSTAL SERVICE,              )
                                           )
                                           )
              Defendant.                   )

## ORDER

Before the court is the motion of the defendant for summary judgment. Plaintiff (proceeding *pro se*) alleges she was employed by the defendant until discharged on July 25, 2016. She brings fourteen claims against the defendant, arising out of the discharge and subsequent efforts at employment on her part.

Summary judgment is appropriate only when "there is no genuine dispute as to any material fact" and "the movant is entitled to a judgment as a matter of law." Rule 56(a) F.R.Cv.P. The court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *See EEOC v. Abercrombie & Fitch Stores, Inc.,* 731 F.3d 1106, 1116 (10th Cir.2013). The party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of her pleading, but must set forth specific facts showing that there is a genuine issue for trial. *Schneider v. City of Grand Junction Police Dept.,* 717 F.3d 760, 767 (10th Cir.2013).

Plaintiff's first three claims deal with the discharge, contending that it was in violation

of the Collective Bargaining Agreement ("CBA").    Plaintiff began employment with

defendant in Howe, Oklahoma, in a temporary, non-career position. (#45-1). On May 14,

2016, she was converted from a non-career employee at Howe to a career position employee

in Vian, Oklahoma. *Id.*  She was considered a new, probationary employee at Vian. *Id.*  Her

90-day probationary period at Vian would expire on August 11, 2016. *Id.*  Plaintiff was

terminated on July 25, 2016 (i.e., during probation).  The CBA did not provide a probationary

employee access to the grievance procedure. *Id.*  The "POStPlan," was an agreement entered

into between the defendant and the employee union on July 29, 2016. *Id.*  It did away with

the probationary period which had applied to employees such as plaintiff.  Plaintiff, however,

was terminated before the effective date of the POStPlan. *Id.*

In response, plaintiff contends the POStPlan agreement did not have an effective date,

but has presented no evidence demonstrating a genuine dispute of material fact on this point.

The court finds that plaintiff's first three claims (wrongful discharge, breach of the CBA, and

breach of the "ClerkCraft Questions and Answers", i.e., the portion of the POStPlan dealing

with employees such as plaintiff) are subject to summary judgment.

Plaintiff's fourth claim is for fraudulent misrepresentation.    She contends the

Postmaster, Cara Milosav, made false statements about plaintiff's job performance.  Plaintiff

cites 18 U.S.C. §1001.  This criminal statute does not provide a private right of action and

is thus not enforceable through a civil action. *Andrews v. Heaton,* 483 F.3d 1070, 1076 (10th

Cir.2007).  This claim is also dismissed.

Claims five and six involve alleged race, sex, and age discrimination, as well as reprisal. Plaintiff filed an informal complaint on August 15, 2016. (#45-2). On September 19, 2016, plaintiff received a Notice of Right to File, which advised that she had 15 days to timely file a formal complaint. *Id.* Plaintiff did not file a formal complaint. *Id.*

Plaintiff filed an informal complaint on October 1, 2017, alleging discrimination and reprisal regarding (a) not being hired at the post office in Muse, Oklahoma, (b) not receiving an interview at the Howe, Oklahoma post office, and (c) not being hired at the Whitesboro, Oklahoma post office. Plaintiff received a Notice of Right to File, which advised she had 15 days to file a formal complaint. Plaintiff did not file a formal complaint. *Id.*

Enclosed in both of the Notices of Right to File, plaintiff was provided a form stating that (regarding a claim for age discrimination) she could file a civil action in the appropriate United States District Court by first filing a Notice of Intent to Sue with the EEOC. *Id.* All notices received by the EEOC are sent to Compliance and Appeals. *Id.* Compliance and Appeals did not receive a Notice of Intent to Sue with regard to plaintiff. *Id.* The Office of Federal Operations/EEOC has no record of such a filing. (#45-3).

Plaintiff points to faxes (##67-16 & 67-17) purportedly sent at the time. Defendant correctly notes that these exhibits are unauthenticated, but "courts have concluded that an unauthenticated plaintiff's exhibit can be considered for summary judgment purposes if it appears likely the document's proponent could authenticate the document in short order at trial." *Carrasco v. N.M. Dept. of Workforce Solutions,* 2013 WL 12092508, *20 (D.N.M.

3

2013), citing *Barnes v. United States,* 137 Fed.Appx. 184 (10ᵗʰ Cir.2005), involving a *pro se* litigant.  Even considering the exhibits, however, they do not constitute the filing of a formal administrative complaint or an action in federal district court.

Exhaustion of administrative remedies is not jurisdictional in nature but may be raised by the employer as an affirmative defense.  *Robinson v. Barrett,* 2020 WL 4559479, *3 (10ᵗʰ Cir.2020).  Prior to bringing a claim under Title VII or the ADEA, plaintiff must exhaust administrative remedies.  *See Hernandez v. U. S. Postal Service,* 2020 WL 2766213, *5 (D.Kan.2020)(citing cases).  The court finds summary judgment appropriate as to claims five and six.

In count seven, plaintiff seeks to assert a claim for violation of federal rights.  The Postal Service is an agency of the United States and therefore does not act under color of state law.  Also, while *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), creates a cause of action against federal officials similar to a cause of action pursuant to 42 U.S.C. §1983, such a claim against the United States and its agencies is barred by sovereign immunity.  *See FDIC v. Meyer,* 510 U.S. 471 (1994); *Greenlee v. U.S. Postal Service,* 247 Fed.Appx. 953, 955 (10ᵗʰ Cir.2007).

Count eight ("federal employment/hiring scandal") and count thirteen ("abuse of discretion") appear to be restatements of other claims.  As stand-alone claims, plaintiff has failed to demonstrate this court has subject-matter jurisdiction.  It is plaintiff's burden to do

so.  *See Port City Props. v. Union Pac. R.R. Co.,* 518 F.3d 1186, 1189 (10th Cir.2008).  These

claims are dismissed as well.

Count nine (harassment/hostile work environment) was not the subject of an

administrative claim by plaintiff.  Again, this claim must be dismissed for failure to exhaust

administrative remedies.

Count ten is "prohibited personnel practices – unlawful employment practices –

conspiracy – failure to rehire/refuse to hire."  Count eleven is "harmful procedural error."

Plaintiff has again failed to establish subject-matter jurisdiction over these claims.

Count twelve is "property interest."  Plaintiff states she "feels she has a property

interest in her job due to the [Collective Bargaining Agreement]" (#1 at ¶174).  "A postal

employee does have a property interest in continued employment which is entitled to due

process protection."  *Roman v. U.S. Postal Service,* 821 F.3d 382, 386 (7th Cir.1987).  A

plaintiff, however, must attempt to exhaust her contractual remedies.  *Id.*  In the case at bar,

plaintiff has not demonstrated that she did so.  Thus, this court lacks jurisdiction over this

claim.  The court in *Roman* rejected the argument that 28 U.S.C. §1339, which grants district

courts jurisdiction "of any civil action arising under any Act of Congress relating to the

Postal Service" was an independent source of jurisdiction.  *Id.* at 385.

Finally, count fourteen is "fraudulent concealment."  Defendant correctly notes that

such claims are barred by sovereign immunity under Section 2680(h) of the Federal Tort

Claims Act.  *See Shaw v. United States Postal Serv.,* 2018 WL 5885900, *3 (E.D.Pa.2018).

Plaintiff points to an immunity-waiver in 39 U.S.C. §409(d)(1)(B), but that appears to be limited to claims under §409(d)(2), which does not encompass the present claim. Summary judgment is appropriate.

It is the order of the court that the motion of the defendant for summary judgment (#45) is hereby granted.

**ORDERED THIS 8th DAY OF OCTOBER, 2020.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma